CASE 42—PETITION EQUITY—MAY 7.

# Traders' Deposit Bank v. Hoffman, et al.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. COMMENCEMENT OF ACTION—NON-RESIDENT.—In an action to have the acts of an insolvent debtor in an effort to prefer one creditor over others declared to operate for the benefit of all his creditors under the statute, it is not a commencement of the action as against the transferee, who is known to plaintiffs to be a non-resident of the State, merely to file the petition and issue summons against him as if he was a resident of the State, within the six months.

2. FRAUDULENT CONVEYANCE—ACTION TO SET ASIDE—WARNING ORDER.—The Code furnishes a plaintiff the means and directs the manner in which a non-resident defendant may be properly brought before the court, and if a plaintiff in such an action as this fails to avail himself of the process so provided, within the time prescribed by the statute, his action is not commenced in time to have determined the effect of the act of which he complains.

O'REAR & BIGSTAFF FOR APPELLANT.

1. The allegations of the original and amended petition taken together, were sufficient to maintain the action under the statute prohibiting fraudulent preferences.

2. The doctrine is well established that a judgment can not be made available as an estoppel unless it is a judgment on the merits, and, therefore, the judgment of the Federal Court on demurrer to appellant's intervening petition can not be an estoppel to this action. (Freeman on Judgments, secs. 260-1.)

3. It appear that the non-resident, Hoffman, was a resident of Cincinnati, Ohio, but had considerable business interests just across the river in Covington, Ky., and was frequently there, and we insist that the issual of the summons against him to that county, was in good faith, and should be considered the commencement of the action.

Traders' Deposit Bank v. Hoffman, et al.

J. J. CORNELISON AND COLLINS & FENLEY FOR APPELLEES.

1. The statement by a clerk in the copy of a record that "the summons that issued on the foregoing petition to Kenton county, can not be found among the files in my office," is not sufficient evidence that such a summons was ever issued. (Mitchell v. Commonwealth, 78 Ky., 204; Forest v. Crenshaw, 81 Ky., 51.)

2. Section 39 of the Civil Code, provides that an action can only be commenced by filing the petition "and by causing a summons to be issued or a warning order to be made thereon;" and sections 51 and 58 provide for a warning order when the defendant is a nonresident.

3. The issual of a summons to Kenton county, with a hope of getting it executed on Hoffman there, because it was a border county and near the place of his residence in an adjoining State, does not constitute a *lis pendens* against him. Where the defendant is a nonresident of the State, no other summons is known to the law except a warning order. (Hoffman v. Brungs, 83 Ky., 404; Hall v. Grogan 78 Ky., 1.)

4. If the proceedings are not begun as against all the defendants within the six months given by the statute, the petition must be dismissed. (Cecil v. Sowards, 10 Bush, 97; Savings Bank v. McAllister, 83 Ky., 132; Hoffman v. Brungs, 83 Ky., 404.)

5. The appellant has had its day in court by the proceedings in the Federal Court where there was an adjudication of its rights, under all the facts stated in this action, and the question is, therefore, *res adjudicata.*

6. The judgment of a Federal Court can not be attacked, set aside, changed or modified by a proceding in the State courts. (Central Trust Co. v. Seasongood, 130 Ohio, 483; Table's Case, 13 Wall, 397; Peck v. Jennes, 7 How., 612; Randall v. Howard, 2 Black, 585; Nogue v. Clapp, 101 U. S., 551; Wilcox v McConnell, 13 Pet., 498; Verees v. Bank, 10 Pet., 449, 7 Cranch, 299, 13 Pet., 136, 31 How., 506, 5 Cranch, 11; Veach v. Rice, 131 U. S., 293; R. R. Co. v. Gomilla, 132 U. S., 480.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The petition was filed on the 18th day of July, 1891, against G. W. Goodpaster and Chas L. Gray, and H. H. Hoffman seeking to have the property of Goodpaster and Gray, who were partners under the firm name of G. W. Goodpaster & Co., subjected to a *pro rata* distribution

Vol. 99.—16.

among their creditors, including the plaintiff. As a ground therefor it is alleged that Goodpaster and Gray, in contemplation of insolvency and with a design to prefer Hoffman to the exclusion of the plaintiff and their other creditors, procured Hoffman to institute a suit on the 16th of March, 1891, in the United States Circuit Court against them, to sue out an attachment therein against them and to levy it on their property; and that by written consent suffered a judgment against them and a sale of all their property in satisfaction of Hoffman's debt.

A summons was issued to Montgomery county against Goodpaster and Gray, and executed on them.

We will assume that a summons was issued, when the petition was filed, to Kenton county against Hoffman, and from time to time thereafter until the warning order was made against Hoffman, April 11, 1893. It appears that Hoffman during this time was a nonresident of the State, and known to be such by the plaintiff.

Section 3, article 2, chapter 44, General Statutes, is as follows: "Any number of persons interested may unite in the petition, but it shall not be necessary to make any persons defendants except the debtor and transferee, and the action and proceedings as to the mode of proving claims and otherwise shall be conducted as actions and proceedings for the settlement of the estate of deceased persons are now required to be conducted, as far as the same are applicable."

It is necessary that the debtor and the transferee shall be made parties to the action which seeks to have the debtor's estate assigned and distributed. (Savings Bank v. McAllister, 83 Ky., 151.)

The transfer, which inures to the benefit of creditors

generally, is subject to the control of a court of equity upon the petition of any person interested, filed within six months after the act which operates as the transfer. It is not sufficient that the petition be filed within the six months, but the action must be commenced as required under section 39, Civil Code. (Cecil v. Howard, 10 Bush, 97.)

It is not commenced until a summons is issued or a warning order made thereon.

In Hoffman v. Brungs, &c., 83 Ky., 404, it was urged that the action was not commenced in the meaning of the statute because no summons was issued against the nonresident, Hoffman. A warning order had been made in proper time.

The court held that it was not necessary to have had issued a summons against Hoffman, and said: "The only summons known to the law by which he could have been brought before the court, where no actual service could be had, was adopted—that is, a warning order."

The court did not decide the question involved in this case as to whether a summons issued on the petition against the nonresident within six months from the act in contemplation of insolvency, etc., would have been sufficient to constitute a *lis pendens.* Had the plaintiff relied upon the summons in this case to bring Hoffman before the court, and it could never have been executed on Hoffman, then however much property Goodpaster & Co. may have had, other than that which Hoffman received by the judgment, the court was powerless to pass upon the question as to the effect of the acts, which it is claimed operated as a transfer of their property for the benefit of all their creditors, because the transferee was not before the court.

The question to be determined by the action was as to

the effect of the acts of Goodpaster & Co., of which complaint was made. When the court decided that the acts of Goodpaster & Co. constituted a transfer of their property for the benefit of all their creditors, then Hoffman's liability for the property, the proceeds of which he received, was determined. He was interested in the trust estate, and the disposition of it, as well as the personal liability. He had such an interest in the estate and proceedings as enabled the plaintiff to bring him before the court by warning order.

The Code gave the plaintiff the means by which the non-resident, Hoffman, could be brought before the court in its action. (The one that was intended to enable a party to proceed against a non-resident.) In fact it was the only summons known to the law by which he could be brought before the court when actual service could not be had. From the nature of the proceedings, the questions should be speedily determined.

Where the plaintiff chose to have a summons issued against one known to it to be a nonresident it did so at its peril. When it failed to avail itself of the process which was intended to bring the nonresident before the court its suit was not commenced in time to have determined the question as to the effect of the act of which it complained. This conclusion renders it unnecessary to discuss the question as to whether the judgment in the United States Circuit Court would have been a bar to this action.

The judgment dismissing the petition is affirmed.